# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JOHN W. REEVES, JR.**, | ) |
| Petitioner, | ) Case No. 7:07CV00332 |
| v. | ) **OPINION** |
| **UNKNOWN RESPONDENT,** | ) By: James P. Jones |
| | ) Chief United States District Judge |
| Respondent. | ) |

*John W. Reeves, Jr., Petitioner Pro Se.*

John W. Reeves, Jr., a federal inmate, brings this Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C.A. § 2241 (West 2006). I find that he is not entitled to relief under § 2241 and will dismiss his petition accordingly.

I

Reeves pleaded guilty on January 31, 2006, to Count Five of the Third Superseding Indictment, charging him with conspiracy to distribute more than five grams of cocaine base, in violation of 21 U.S.C.A. § 846 (West 1999). On August 18, 2006, this court sentenced Reeves to sixty months imprisonment. An appeal was noted on Reeves's behalf, but he moved to dismiss it, stating that his mother or other relatives had pursued it without his permission.

Reeves signed and dated the paperwork for this § 2241 case on or about June 14, 2007, and the court filed it on July 2, 2007. As his grounds for relief, Reeves states, verbatim:

> Claim 1. I was told that I would get credit for working for the government or state. But I didn't because of certain circumstance where my life was in danger, and I couldn't do the job that I was suppose to. And basically I was left in the dark by them.
>
> Claim 2. My lawyer . . . in the beginning said that I wouldn't get a fair trial, where most of the men that went to trial against the government prosecutor get convicted. And he said that when blacks go before the court they get convicted all the time by the jurors.
>
> Claim 3. And this case from the beginning wasn't over my drug charge they wanted to get this guy name big D. And if I knew the location or whereabouts of this individual that he would make recommendation to have this case dismiss.

(Pet., Sec. J). At the same time he submitted his § 2241 petition, Reeves also submitted a Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255 (West 2006), raising similar claims about the same conviction and sentence. The § 2255 motion was filed as Case No. 7:07CV00330.

II

Because Reeves's claims challenge the imposition of his conviction and sentence of confinement, rather than the execution of his federal sentence, his claims

are not properly raised under § 2241 and must be dismissed. Generally, a challenge to the imposition of a federal sentence must be brought on direct appeal or in a motion for collateral review under 28 U.S.C.A. § 2255. *See United States v. Snow*, 748 F.2d 928, 933-34 (4th Cir. 1984). On the other hand, a challenge to the execution of a federal sentence is properly raised by way of a § 2241 petition.[1] *Id.* A federal inmate cannot challenge the imposition of his conviction or sentence under § 2241 unless he first shows that his remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C.A. § 2255 para. 5; *see Swain v. Pressley*, 430 U.S. 372, 381 (1977). Section 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision, whether based on the statute of limitations, the rule against successive petitions, or failure to state a claim. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). The Fourth Circuit has found that §2255 is inadequate and ineffective to test the legality of an inmate's conviction only when the inmate satisfies a three-part standard by showing that:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is

---

[1] Challenges to the execution of a sentence include such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, and type of detention. *Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001).

- 3 -

> deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Id*. at 333-34. A § 2241 petition must generally be filed in the district court in the jurisdiction where petitioner is confined. *Id.* at 332.

Reeves cannot show that the conduct for which he was convicted is no longer considered criminal. No intervening law has legalized conspiracy to distribute cocaine base. Because he thus fails to satisfy the second prong of the *Jones* standard, he cannot prove that § 2255 is inadequate to test the validity of his confinement under the *Jones* standard. Moreover, he is not currently confined within the jurisdiction of this court. Therefore, it is clear that I cannot consider Reeves's petition under § 2241 and must dismiss it.

Reeves no longer has counsel and is acting pro se. Because the claims he has raised in this case challenge the imposition of his conviction and sentence, they are appropriately characterized and filed as claims under § 2255. Therefore, I will liberally construe his current pleading as an amendment to his pending § 2255 motion and ask the clerk to docket a copy of all his submissions from this § 2241 case as a Motion to Amend in Case No. 7:07CV00330.

- 4 -

Case 7:07-cv-00332-JPJ-mfu   Document 2   Filed 07/16/07   Page 4 of 5   Pageid#: 13

III

For the stated reasons, this Petition for a Writ of Habeas Corpus, brought pursuant to 28 U.S.C.A. § 2241, will be dismissed. A separate Final Order will be entered herewith.

ENTER: July 16, 2007

/s/ JAMES P. JONES
Chief United States District Judge